IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-289-GPM |
| | ) |
| WILLIAM F. FORD, CHRISTINE M. FORD, and UNITED STATES OF AMERICA, | ) ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On March 13, 2013, Plaintiff filed this mortgage foreclosure suit (Doc 2-2). Upon Defendants William F. Ford and Christine M. Ford's failure to defend, and upon Plaintiff's motion, the Clerk of the Court entered a default entry on May 1, 2013 (Doc. 14). Plaintiff then moved for default judgment of foreclosure and sale on September 17, 2013 (Doc. 16). Plaintiff also moved for summary judgment against the United States of America (Doc. 17) and for an order appointing a Special Commissioner to conduct the foreclosure sale (Doc. 18). The Court conducted a hearing on the motions during which Plaintiff presented the original mortgage and note. The motions have been **GRANTED.** The Judicial Sales Corporation, the Special Commissioner appointed, shall conduct the sale pursuant to this Order. To effectuate the default judgment for foreclosure and sale of the real property at issue, the Court now finds:

(1) The Court has jurisdiction over the parties and the subject matter.

(2) The Defendants were properly served and failed to answer or otherwise enter any appearance.

(3) The last owner of redemption was served on March 15, 2013.

(4) The statutory right to reinstate, pursuant to 735 ILCS 5/15-1602, expired on June 15, 2013.

(5) The statutory right of redemption, pursuant to 735 ILCS 5/15-1603, shall expire three (3) months from the entry of this order.

(6) Mortgage Electronic Registrations Systems, Inc. as nominee for EquiFirst Corporation made a loan to Mortgagors secured by a mortgage in the original principal amount of $97,600.00 which was recorded in the Madison County Recorder's Office on July 19, 2007 as Document No. 2007R30774. (Doc 2-2, Ex A and B). The mortgage was subsequently assigned to Plaintiff. A written memorialization of this transfer was recorded in the Madison County Recorder's Office on February 1, 2013 as Document No. 2013R05692. (Doc 2-2, Ex C). The mortgage is in default due to Defendants' failure to pay monthly installments of principal, interest, taxes and insurance for November 1, 2012 through the present.

(7) By virtue of the mortgage and indebtedness secured thereby, Plaintiff has a valid and subsisting lien against the property described as follows:

LOT 8 IN BLOCK 4 IN "UNION ADDITION TO COLLINSVILLE" REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF MADISON COUNTY, ILLINOIS, IN BOOK OF PLATS "6" ON PAGE 69; SITUATED IN THE COUNTY OF MADISON, ILLINOIS.

EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES AND THE RIGHT TO MINE AND REMOVE SAME
705 Peers Avenue
Collinsville, IL 62234

COMMONLY KNOWN AS:

TAX PARCEL NUMBER: 13-2-21-27-17-306-016

(8) This Judgment is fully dispositive of the interest of all Defendants. All the material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504, those allegations being both required and those deemed alleged by virtue of subsection (c), are true and proven, that by entry of this Judgment for Foreclosure and Sale, the Mortgage which is the subject matter of these proceedings is extinguished and merged into Judgment and default no longer exists, but has been replaced by Judgment, and that by virtue of the Mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint and set forth in Planitiff's Affidavit of Amounts Due and Owing (Doc. 25) and the Affidavit of Attorney's Fees and Costs (Doc. 16-2), there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereafter, the following amounts as of October 28, 2013:

| | |
|---|---|
| Principal, Accrued Interest and Advances by Plaintiff: | $110,946.56 |
| Costs of Suit: | $968.00 |
| Attorneys' Fees: | $2,360.00 |
| TOTAL | $114,274.56 |

   a. For the purposes of calculating Plaintiff's indebtedness at sale, interest shall accrue at 9% on the amount found due above pursuant to 735 ILCS 5/2-1303.

   b. That advances made subsequent to the execution of the Affidavit of Amounts Due and

Owing in order to protect the lien of the Plaintiff and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance, insurance premiums, any other fees, charges and expenses which are recoverable under the terms of the mortgage, and post Judgment attorneys fees incurred by the plaintiff and not included in this judgment, but incurred prior to the conclusion of this foreclosure action shall become an additional indebtedness secured by the Judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/15-1503 and 15-1603.

c. By its terms the Mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees. Those are included in the above indebtedness in the sum of $2,360.00.

d. Under the provisions of the Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed. Those expenses to date total $968.00.

(9) Plaintiff's lien is prior and superior to all other mortgages, claims of interest, and liens on the above described property.

(10) **SUBORDINATE LIENS AND INTERESTS:** The United States of America has valid and subsisting liens upon the subject premises subordinate and inferior to the lien of the Plaintiff in the amounts of $15,832.13 and $54,037.44 as of May 2, 2013, plus interest and penalties and less any payments or credits made since the assessment.

Except for the Plaintiff, Green Tree Servicing, LLC, any other party claiming an interest in the premises or the proceeds of the judicial sale of the mortgaged real estate must

prove its priority.

With respect to the Internal Revenue Service and pursuant to 28 U.S.C. Section 2410, the United States of America shall be granted one hundred and twenty days from the date the sale is confirmed within which to redeem the property from said sale.

Accordingly, **JUDGMENT IS ENTERED** against all Defendants. Unless Defendants, their assigns, or successors in interest to the above-described property redeem the property pursuant to 735 ILCS 5/15-1603 within three (3) months from the date of the entry of this order, the property described in paragraph seven above shall be sold at a public auction sale to the highest bidder for 25% at time of sale and balance within 24 hours. The property shall be sold free and clear of any claimed lien of William F. Ford a/k/a William Floyd Ford and Christine M. Ford.

The Special Commissioner shall give public notice of the sale as follows:

**PUBLIC NOTICE IS HEREBY GIVEN** that pursuant to a Judgment of Foreclosure and Sale entered in the matter of Green Tree Servicing, LLC v. William F. Ford a/k/a William Floyd Ford; et al, in the United States District Court for the Southern District of Illinois, Civil Docket Case No. 13-cv-289-GPM-DGW, on _____, 2013, The Judicial Sales Corporation, Special Commissioner appointed herein, will at __:___ __.m. on _____, 2013 at Madison County Courthouse, 155 North Main Edwardsville, IL 62025, or in a place otherwise designated at the time of sale, County of Madison and State of Illinois, sell at public auction to the highest bidder for cash, as set forth below, the following described real estate:

**LOT 8 IN BLOCK 4 IN "UNION ADDITION TO COLLINSVILLE" REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF MADISON COUNTY, ILLINOIS, IN BOOK OF PLATS "6" ON PAGE 69; SITUATED IN THE COUNTY OF MADISON, ILLINOIS.**

**EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES AND THE RIGHT TO MINE AND REMOVE SAME**

**PIN 13-2-21-27-17-306-016**

**COMMONLY KNOWN AS: 705 Peers Avenue, Collinsville, IL 62234**

**The real estate is improved with a Single Family Home.**

**Sale terms: 25% down of the highest bid by certified funds at the close of the auction; The balance, including the Judicial sale fee for Abandoned Residential Property Municipality Relief Fund, which is calculated at the rate of $1 for each $1,000 or fraction thereof of the amount paid by the purchaser not to exceed $300, in certified funds, is due within twenty-four (24) hours. The subject property is subject to general real estate taxes, special assessments, or special taxes levied against said real estate and is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff and in "AS IS" condition. The sale is further subject to confirmation by the court.**

**If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagors, the Mortgagee or the Mortgagee's attorney.**

**Upon payment in full of the amount bid, the purchaser shall receive a Certificate of Sale, which will entitle the purchaser to a Deed to the real estate after Confirmation of the sale. The successful purchaser has the sole responsibility/expense of evicting any tenants or other individuals presently in possession of the subject premises.**

**The property will NOT be open for inspection and Plaintiff makes no representation as to the condition of the property. Prospective bidders are admonished to check the Court file to verify all information.**

**If this property is a condominium unit, the Purchaser of the unit at the foreclosure sale, other than a mortgagee, shall pay the assessments and the legal fees required by The Condominium Property Act, 765 ILCS 605/9(g)(1) and (g)(4). If the property is a condominium unit which is part of a common interest community, the Purchaser of the unit at the foreclosure sale, other than the mortgagee, shall pay the assessments required by The Condominium Property Act, 765 ILCS 605/18.5(g-1).**

**IF YOU ARE THE MORTGAGOR (HOMEOWNER), YOU HAVE THE RIGHT TO REMAIN IN POSSESSION FOR 30 DAYS AFTER ENTRY OF AN ORDER OF POSSESSION, IN ACCORDANCE WITH SECTION 15-1701(C) OF THE ILLINOIS MORTGAGE FORECLOSURE LAW.**

**For information: Examine the court file or contact Plaintiff's attorney: Codilis & Associates, P.C., 15W030 North Frontage Road, Suite 100, Burr Ridge, IL 60527, (630) 794-9876. Please refer to file number 14-13-06068.**

The Special Commissioner and Plaintiff will agree to the blank terms listed on the proposal (the date, time, and location of the sale).

The notice of sale shall be published at least three (3) consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale. The notice shall be placed in the newspapers in the following locations: 1) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and 2) separate advertisements in the section of such a newspaper, which (except in counties with a population in excess of 3,000,000), may be the same newspaper, in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, that the separate advertisements in the real estate section need not include a legal description and that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be sufficient.

The Special Commissioner shall give notice of any adjourned sale. However, pursuant to 735 ILCS 5/15-1507(c)(4), if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need not be given. Notice of the sale may be given prior to the expiration of any reinstatement period or redemption period. No other notice by publication or posting shall be necessary.

Upon and at the sale of mortgaged real estate, the Special Commissioner shall give the

Purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid. Upon payment in full of the amount bid, the Special Commissioner, in duplicate, shall give to the Purchaser a Certificate of Sale in recordable form which describes the real estate purchased and states the amount paid. The Certificate of Sale shall be freely assignable. Special Commissioner shall promptly make a report to the court. The report of sale may be prepared by the Plaintiff to be reviewed and executed by the person conducting the sale and the person conducting the sale shall submit or cause to be submitted the report for review by the court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

Out of the proceeds of the sale, the Special Commissioner shall retain his disbursements and fees. Out of the remainder of said proceeds, he shall pay to Plaintiff, $114,274.56 at the statutory interest rate from the date of Judgment through the date of sale, plus any fees, costs, and advances made after execution of the Affidavit of Amounts Due and Owing, including, but not limited to, any amounts allowed pursuant to the terms of the Note and Mortgage and any amounts allowed pursuant to 735 ILCS 5/15-1505 and 735 ILCS 5/15-1603. If the property sells for a sum more than sufficient to make the aforesaid payments, then after making the payments, the Special Commissioner shall tender any surplus moneys to the Court without delay for further distribution by order of this Court.

If the Purchaser of the above-described property is the mortgagee or its nominee, and the sales price is less than the amount due and owing to the Plaintiff, an owner of redemption has a special right to redeem pursuant to 735 ILCS 5/-15-1604. Said right shall extend for a period ending 30 days after the sale of the date the sale is confirmed and can be exercised by paying the Plaintiff the sale price plus all additional costs and expenses incurred by the Plaintiff set forth in

the Report of Sale confirmed by this Court.

After confirmation of sale, the Special Commissioner shall execute and issue a deed to the owner and holder of the Certificate of Sale pursuant to 735 ILCS 5/15-1509. A signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass title thereto. Such conveyance shall be an entire bar of (1) all claims of parties to the foreclosure and (2) all claims of any non-record claimant who is given notice of the foreclosure as provided by 735 ILCS 5/15-1602(i)(2).

From the date of this Judgment Decree through the 30th day after the foreclosure sale is confirmed to the Court, the mortgagors shall be entitled to retain possession of the above-described property. After that time, the holder of the certificate of sale shall be entitled to immediate possession of the property upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peacefully surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgagors doing so, an order of ejectment could issue.

The Court hereby retains jurisdiction over the subject matter and the parties hereto for the purpose of enforcing this judgment decree. The Special Commissioner shall report his actions to this Court at the earliest possible time.

**IT IS SO ORDERED.**

**DATED**: October 31, 2013

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge